## A. P. DABBS v. GABRIEL P. GRAVES.

### (Filed 2 March, 1955.)

APPEAL by defendant from *Sharp, S. J.,* October Term 1954, CASWELL.

This is a civil action brought by plaintiff against the defendant on a promissory note for $927.90 executed 18 April, 1952, payable to Weaver Fertilizer Company and assigned after maturity to the plaintiff.

The defendant admitted the execution of the note but denied liability thereon, alleging that it was executed without consideration, assigned without consideration, and nothing was due thereon.

The plaintiff testified he sold fertilizer as agent for five different fertilizer manufacturers, among them Weaver Fertilizer Company and Robertson Chemical Company; that he sold defendant Weaver fertilizer for the crop years 1950 and 1951, and on 18 April, 1952, he and the defendant went over the account and defendant executed the note sued on, which represented the amount due Weaver as of that date. The plaintiff guaranteed payment of the note. Upon failure of the defendant to pay the note at maturity the plaintiff paid Weaver and took Weaver's assignment; that the full amount of the note was due and payable to him; and that defendant from time to time promised to pay; he did not question the validity of the note until after suit was brought.

The defendant testified in substance that he did not buy any Weaver fertilizer from the plaintiff for the years 1950 and 1951. For those years he bought his fertilizer from D. O. Chandler; that he never admitted to the plaintiff he owed Weaver anything or that he promised to pay anything. Defendant testified also that for the crop years 1950 and 1951 he cultivated seven and one-half acres of tobacco and used about 1,000 pounds of fertilizer per acre; that he cultivated 13 to 15 acres of corn and used about 200 pounds per acre; that he sowed about 10 acres of wheat and used about 200 pounds per acre. D. O. Chandler testified he sold the defendant for the crop year 1950 one ton of fertilizer for wheat, two tons for tobacco, one ton for corn, and one ton for top dressing; and in 1951, two tons for tobacco, one ton for corn, and one ton for wheat. The defendant introduced in evidence a receipt signed by plaintiff for $460.00 paid on 11/2/50 and for $31.00 paid on 12/3/50.

On cross-examination, plaintiff admitted that in 1950 he had canceled a chattel mortgage executed by defendant, payable to Robertson Chemical Company. The amount of the mortgage was not given. He testified, however, that the mortgage may have been given for fertilizer for the year 1949.

An issue of indebtedness was submitted to the jury, answered for the plaintiff. From a judgment on the verdict, the defendant appealed.

*D. Emerson Scarborough for defendant, appellant.*

*Clarence L. Pemberton and Norwood E. Robinson for plaintiff, appellee.*

PER CURIAM. The evidence was in conflict. It presented a jury question. Under a charge free from error the jury returned a verdict for the plaintiff. No reason appears why the verdict should be disturbed.

No error.

STATE v. R. G. COLE.

(Filed 9 March, 1955.)

**1. Criminal Law § 52a (3)—**

To withstand nonsuit, the circumstances and evidence must be such as to produce a moral certainty of guilt and to exclude any other reasonable hypothesis.

**2. Automobiles § 30d—Evidence of defendant's guilt of driving while under the influence of intoxicating beverage held sufficient for jury.**

Testimony of a patrolman to the effect that he saw defendant driving his car from one side of the road to the other, that he followed defendant's car along the highway and then along a dirt road, where defendant parked, and saw defendant slump down behind the wheel, apparently drunk, and that less than a half hour thereafter, when officers got defendant out from behind the steering wheel, he exuded the odor of alcoholic beverage and was staggery drunk, *is held* sufficient to be submitted to the jury on the charge of driving while under the influence of intoxicating beverage, and the suggested hypothesis that defendant might have drunk liquor after he stopped the car is not a reasonable one under the evidence.

**3. Criminal Law § 81c (1)—**

Appellant must show that the alleged error was material and prejudicial in order to be entitled to a new trial.

**4. Criminal Law § 81c (7)—**

Defendant was tried for driving an automobile on the public highways while under the influence of intoxicating liquor. During the solicitor's argument, the court and the solicitor made remarks as to the necessity of a warrant, one of the arresting officers having testified in regard to getting a warrant before making the arrest. *Held:* The officer's testimony was relevant only in explanation of his failure to make the arrest at once, and the statements of the solicitor and judge were wholly immaterial to the issue and cannot be held prejudicial.

**5. Criminal Law § 48c—**

Where the court, upon defendant's general objection to certain testimony, overrules the objection and instructs the jury that the evidence is offered